United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JIM WEIBERT,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C-06-03286 EDL<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff's application for default judgment against Defendant Jim Weibert, personal guarantor of Kelleher & Weibert, Inc., d/b/a Cardinal, came on for hearing on April 3, 2007. Michael J. Carroll appeared for Plaintiff. Defendant has neither appeared in this matter nor consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Notice of this hearing may not have reached Defendant. See April 3, 2007 Supp. Carroll Decl., ¶ 3. However, notice of an application for judgment is not required unless the party against whom default is sought has appeared in the action, unlike here. See Fed.R.Civ.P. 55(a)(2). This matter is therefore ripe for determination and will be reassigned to a district judge with the following report and recommendation for default judgment.

On May 18, 2006, Plaintiff filed a complaint under sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), alleging that Cardinal violated a collective bargaining agreement by failing to make regular, timely contributions to the Plaintiff Trustees. The complaint sought payment of delinquent contributions, liquidated damages, interest, costs, and attorney's fees.

On September 2, 2006, Defendant was served with the complaint. Defendant failed to answer the complaint or otherwise defend the action. On October 23, 2006, upon Plaintiffs' request, the Clerk of this court entered Defendant's default under Rule 55(a). By its default, Defendant is deemed to have admitted the well-pleaded allegations of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 520. Defendant Jim Wiebert is not an unrepresented minor, an incompetent person or a person in military service, or otherwise exempted from default judgment. April 3, 2007 Supp. Carroll Decl., ¶ 2.

Plaintiff has the burden of proving its damages through testimony or written affidavit. To prove Plaintiff's damages, Plaintiff submitted the declaration of Bonnie Maraia, a manager of the administration of the Trust Funds and custodian of Plaintiff's books and records as they relate to Cardinal, and the declaration of Michael Carroll, counsel to Plaintiff. These declarations establish that, as of July 1, 1989, Cardinal was bound by the terms of the Standard Form of Union Agreement Sheet Metal, Roofing, Ventilating, and Air Conditioning Contracting Divisions of the Construction Industry, which required Cardinal to complete regular, timely reporting forms and make pension fund contributions. Maraia Decl., ¶ 2 and Ex. 2. The Standard Form of Union Agreement incorporates by reference the Sheet Metal Workers Pension Trust of Northern California. See Maraia Decl., Exs. 2, 3. Cardinal never contested the execution of this agreement, and acknowledged its contractual obligations by previously paying contributions as required by the agreement. Mariaia Decl., ¶ 2.

In 2002, Cardinal fell behind in its payments to the Sheet Metal Workers Trust Funds. Carroll Decl., ¶ 2. Cardinal arranged with the Sheet Metal Workers Trust Funds to pay $12,770.17 in past due contributions by installment payments. Id., ¶ 2. As one of the inducements to the Trust Fund to accept this plan, the individuals involved in the company, Jim Weibert, Martin Smith, and Dave Hensley, executed a personal guaranty of Cardinal's obligations. Id., ¶ 2 and Ex. 1 (agreeing to personally guarantee $12,770.17). Cardinal made some payments but subsequently filed a Chapter 11 bankruptcy proceeding, which has been concluded with no distributions to creditors. Id.,

1  ¶ 3. Two small sums of $1,080.09 due for April 2002, and $1,438.88 due for May 2002, remained
2  owing and unpaid pursuant to the Personal Guaranty. Id., ¶ 4.

3  The Trust Agreement provides for liquidated damages at the rate of 20%, attorney's fees and
4  court costs in the event of a suit. See Maraia Decl., ¶ 3. These Trust Agreement complies with 29
5  U.S.C. § 1132 (g), which provides that in an action to enforce payment of delinquent contributions,
6  "the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid
7  contributions, (C) . . . (ii) liquidated damages provided for under the plan in an amount not in excess
8  of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable
9  attorney's fees and costs . . . ." 29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is
10 appropriate based on the amount of contributions that were delinquent at the time of suit, even if the
11 defendant tendered the unpaid contributions prior to judgment. See Northwest Adm'rs, Inc. v.
12 Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996). Plaintiff, however, seeks only to recover the
13 remaining unpaid contributions pursuant to the Personal Guaranty, attorney's fees, and costs. See
14 Proposed Order (Doc. No. 24).

15 Under ERISA, a written document is required for a party to be bound to pay fringe benefit
16 contributions. See 29 U.S.C. § 1145. The personal guaranty executed by Defendants fulfills this
17 requirement. Accordingly, demand was made on all three guarantors for the remaining delinquent
18 contributions. Id., ¶ 4. Plaintiff agreed to accept pro rata shares of the remaining unpaid
19 contributions from each Defendant. Carroll Decl., ¶ 4. Defendants Hensley and Smith have worked
20 out payments of their shares of the amounts due, and Plaintiff is dismissing the claims against them.
21 Id., ¶ 5; Motion at 3:5-6. The Hensley and Smith payments paid off all sums due for April 2002, and
22 left a remaining balance of $1,259.48 due for May 2002. See Maraia Decl., ¶ 4, March 15, 2007
23 Supp. Carroll Decl., ¶ 2. Plaintiff seeks this amount from Weibert. Carroll Decl., ¶ 5, March 15,
24 2007 Supp. Carroll Decl., ¶ 2.

25 Attorney's fees and costs of action may be awarded to a Trust Fund or Employee Benefit
26 Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D). Plaintiffs have submitted
27 the declaration of attorney Michael Carroll to prove attorney's fees and costs. Mr. Carroll calculates
28 that he spent in excess of hours prosecuting this action at a rate of $185.00 per hour, for a total of

3

1  $555.00.  Carroll Decl., ¶ [8].  The amount of time expended and the billing rate are reasonable

2  given the work performed.  Mr. Carroll calculates Plaintiff's costs for prosecuting this action to be

3  $500.00, consisting of filing fees, and costs for service of documents.  Id., ¶ 6.

4  For the foregoing reasons, the Court hereby **RECOMMENDS** that judgment be entered in

5  Plaintiff's favor for $1,259.48 in unpaid contributions, $555.00 in attorney's fees, and $500.00 in

6  costs, for a total amount of $2,314.48.  Any party may file objections to this report and

7  recommendation with the District Judge within ten days after being served with a copy.  See 28

8  U.S.C. § 636(b)(1)(B); Fed. R. Civ. Proc. 72(b); Civil Local Rule 72-3.

10  **IT IS SO RECOMMENDED.**

13  Dated: April 5, 2007                              ELIZABETH D. LAPORTE
                                                       United States Magistrate Judge